SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision,' it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.
Sana Zafar, a native and citizen of Pakistan, seeks review of a February 27, 2008, order of the BIA affirming the July 10, 2006, decision of Immigration Judge (“U”) Philip J. Montante denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sana Zafar, No. A97 160 723 (B.I.A. Feb. 27, 2008), aff'g No. A97 160 723 (Immig.Ct.Buffalo, N.Y. July 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, Zafar has waived her challenge to the agency’s denial of her CAT claim in her brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir. 2005). Moreover, we decline to consider Zafar’s arguments that the agency erred in finding that she did not suffer past persecution, and that the agency improperly failed to consider whether the Pakistani government had a “pattern or practice” of persecuting Ahmadi Muslims because she failed to raise these arguments in her brief to the BIA.[1] See Foster v. INS, 376 F.3d *473 75, 78 (2d Cir.2004); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 119-20 (2d Cir.2007).
When the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzwr v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
I. Asylum and Withholding of Removal
An applicant who has not shown that she has suffered past persecution may nevertheless establish a well-founded fear of persecution by presenting credible testimony that he subjectively fears persecution and by establishing that her fear is objectively reasonable. See Ramsamea-chire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004); see also 8 C.F.R. § 1208.13(b)(2)(i).
While the Government is correct in observing that the IJ specifically referenced the U.S. Department of State country report in his decision, the IJ’s brief discussion leaves us uncertain whether he considered the serious matters set out in that report. See Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir.2005). For example, there is no consideration of the statement that “Christians and Ahmadis were the targets of religious violence” or the report’s assertion that the Pakistani government has criminalized certain aspects of the Ahmadi religion. And the IJ appears to have discounted the significance of specific acts of violence by suggesting that the conduct involved “could be common crime.” It is not clear why violence constituting a crime cannot also be evidence of persecution. Also not explicitly considered is the assertion that Islamic leaders frequently engaged in demonstrations and acts directed against the Ahmadis.
While the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ, see Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006), the agency also has a duty to provide adequate reasoning and to consider facts that are potentially significant to an applicant’s claim, see Poradisova, 420 F.3d at 77; Uwais v. U.S. Atty. Gen., 478 F.3d 513, 518 (2d Cir.2007). In this case, the institutionalized discrimination against Ahmadis, coupled with Zafar’s credible testimony that her aunt had published a photograph identifying her family as Ahmadis, and that police officers had suggested that she should change her faith to avoid “more problems,” provide support for Zafar’s claim that she has a well-founded fear of persecution if returned to Pakistan. Thus, whether or not her evidence establishes a well-founded fear of persecution, remand is required so that the agency may provide a better-reasoned evaluation of Zafar’s evidence.[2]
*474 For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The Government does not point out that Zafar failed to raise any challenge to the IJ’s past persecution finding in her appeal to the BIA. Nevertheless, we decline to consider this unexhausted issue. See Lin Zhong, 480 F.3d at at 107 n. 1(b) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to . refuse to consider that issue."). Additionally, *473 the Government points out that Zafar failed to exhaust her pattern or practice argument before the BIA. Accordingly, we decline to consider this argument. See Lin Zhong, see id. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.”).

. We find Zafar's argument that the IJ and the Government should have supplemented the record to be without merit, as Zafar bore the burden of proving her eligibility for relief. See 8 U.S.C. § 1158(b)(l)(B)(i).